UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND L. CAMP,

       Petitioner,                      Civil Case No. 05-74056
                                                              Criminal Case No. 03-80488

v.

                                                              Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 7, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

     Presently before the Court is Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. On December 4, 2003, Petitioner pleaded guilty to one count each of (1) bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count 1); (2) using, carrying, or brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) (Count 2); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §

1

922(g)(1) (Count 4).  On October 20, 2004,[1] this Court sentenced Petitioner to 30 months incarceration on Counts 1 and 4, to be served concurrently, and 84 months incarceration on Count 2, to be served consecutively to his sentences on Counts 1 and 4.  Petitioner did not file a direct appeal.  He filed the pending motion on October 24, 2005, which is signed and dated October 3, 2005. The Government filed a response to the motion on March 30, 2006.

## Standard of Review

A petitioner is entitled to relief under 28 U.S.C. Section 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.  In order to prevail as to alleged constitutional errors, a petitioner must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)(citation omitted).  Where the petitioner's motion alleges a non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an

---

[1] For some reason, the Government states that Petitioner was sentenced on October 9, 2004.  In some cases this error would not be significant; however, in this case the Government's main argument in response to Petitioner's motion is that the motion is untimely pursuant to Section 2255's one-year statute of limitations.  But even if Petitioner had been sentenced on October 9, instead of October 20, the Government's argument still is wrong.  While Petitioner's motion only was filed in this Court on October 24, 2005, it was signed and dated October 3, 2005.  The Sixth Circuit has adopted the prison mailbox rule for Section 2255 motions. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999)(concluding that date the petitioner signed his Section 2255 motion is the date for determining whether his motion is timely filed).

error so egregious that it amounts to a violation of due process." *Id*. (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

An evidentiary hearing is not required in every case where a petitioner files a motion to vacate, set aside, or correct sentence pursuant to Section 2255. Where the motion is inadequate on its face or, although facially adequate, is conclusively refuted by the files and records of the case, a hearing is not necessary. 28 U.S.C. § 2255; *Neal v. United States*, No. 94-2416, 1995 WL 325716, at *2 (6th Cir. May 30, 1995)(citing *United States v. Carbone*, 880 F.2d 1500, 1502 (1st Cir. 1989)).

## Applicable Law and Analysis

### Claim 1

Petitioner claims his rights were violated pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), when the Court used his prior armed robbery and felony firearm convictions– which were committed within two years of his release on probation– to impose an enhancement of 3 points when calculating his criminal history score. Pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) and its progeny, such as *Booker*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. 2362; *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004)(clarifying that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*")(emphasis in original). Petitioner's claim pursuant to this

3

line of cases fails for two reasons.

First, every federal court that has addressed *Booker*'s retroactivity– including the Sixth Circuit– has held that *Booker* does not apply retroactively to federal defendants whose convictions were final at the time of the Supreme Court's pronouncement. *See, e.g., Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005). Petitioner's conviction and sentence became final before the Supreme Court's January 2005 decision in *Booker*. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004)(providing that, where a federal criminal judgment is not appealed, it becomes final ten days after it is entered). Second, even if *Booker* applied to Petitioner's collateral attack on his sentence, "the Supreme Court has uniformly excepted 'the fact of a prior conviction' from its general rule that sentence-enhancing facts must be found by a jury and proved beyond a reasonable doubt." *United States v. Beasley*, – F.3d –, 2006 WL 845564, at 4 (6th Cir. April 3, 2006)(quoting *Booker*, 543 U.S. at 244, 125 S. Ct. at 756; *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63).[2] Thus the Sixth Circuit has held that a defendant's constitutional rights are not violated when the district court determines the fact and nature of a defendant's prior convictions and uses these findings to impose an increased sentence.

The Court therefore concludes that Petitioner is not entitled to collateral relief due

---

[2]Although a published opinion, *Beasley* has not yet reached the Federal Reporter. Therefore the Court is attaching the opinion to this Opinion and Order.

to the Court's use of his prior armed robbery and felony firearm convictions to increase his criminal history score by 3 points.

### Claims 2 and 3

Petitioner next claims that it was error for the Court to enhance his criminal history score by 3 points based on a conviction which occurred prior to his eighteenth birthday, for which probation for the conviction subsequently was revoked after he turned eighteen. Petitioner also claims that his sentence must be vacated because the Court enhanced his criminal history score based on his conviction for retail fraud, third degree, for which he only received a fine.

As Petitioner failed to file a direct appeal, these claims are procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). To obtain review of a defaulted claim in a Section 2255 motion, a petitioner must show "cause" to excuse his failure to raise the claim previously and "actual prejudice" resulting from the alleged violation. *Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611; *Peveler*, 269 F.3d at 698-700. Petitioner states that he failed to present these claims earlier because he "was not knowledgeable of the [United States Sentencing Guideline Manual] until recently." *See* Pet. at 6. Mere ignorance of the law, however, is insufficient to establish cause. *McClesky v. Zant*, 499 U.S. 467, 502, 111 S. Ct. 1454 (1991). Moreover, Petitioner cannot establish prejudice as a result of the alleged errors.

As reflected in the Presentence Investigation Report, Petitioner's criminal history score was 10, resulting in a Criminal History Category V. Pursuant to the 2003 United

5

States Sentencing Guidelines ("U.S.S.G.") which were used in this case, Petitioner's guideline imprisonment range based on a total offense level of 19 and a Criminal History Category V was 57 to 71 months on Counts 1 and 4. The Court departed below the guideline imprisonment range based on the Government's motion and imposed a sentence of 30 months. With respect to Count 2, the statute required a minimum seven year sentence, consecutive to any other term of imprisonment.

If the Court were to re-sentence Petitioner without enhancing his criminal history score in the manner to which he now objects, Petitioner's criminal history score would be 6, resulting in a Criminal History Category III. Pursuant to the 2003 U.S.S.G., Petitioner's guideline imprisonment range would be 37-46 months. This Court's sentence of 30 months on Counts 1 and 4 falls below that range and, in response to Petitioner's Section 2255 motion, the Government has indicated that it would not necessarily request a further departure at re-sentencing. Petitioner's sentence with respect to Count 2 would not be affected, as the Court's sentence was statutorily mandated.

## Conclusion

Based on the reasons set forth above, the Court concludes that Petitioner has not established an error of constitutional magnitude or an unconstitutional error resulting in a miscarriage of justice or violation of due process.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Desmond L. Camp
#31249-039
USP Lee
U.S. Penitentiary
P.O. Box 305
Jonesville, VA 24263

AUSA John O'Brien II

Attachment 1

**Westlaw.**

2006 WL 845564                                                                                           Page 1
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

**Briefs and Other Related Documents**

United States Court of Appeals,
Sixth Circuit.
UNITED STATES of America,
Plaintiff-Appellee,
v.
Carson BEASLEY, Defendant-Appellant.
**No. 04-6468.**

Argued: July 28, 2005.
Decided and Filed: April 3, 2006.

**Background:** Defendant was convicted, upon a guilty plea, in the United States District Court for the Western District of Tennessee, Bernice B. Donald, J., of being a felon in possession of a firearm, and was sentenced to 188 months in prison as an armed career criminal. Defendant appealed.

**Holdings:** The Court of Appeals, Rosen, District Judge, sitting by designation, held that:

(1) sentencing court did not violate Sixth Amendment by determining the fact and nature of a defendant's prior convictions and imposing increased sentence under the Armed Career Criminal Act (ACCA);

(2) sentencing court could properly consider probation officer's testimony, in determining whether prior conviction was predicate offense under the ACCA;

(3) determination that defendant had prior state court conviction for "criminal attempt, second degree murder" was not clearly erroneous; and

(4) remand for resentencing was warranted.

Affirmed in part, vacated in part, and remanded.

**[1] Criminal Law** ⇐0

110k0 k.
Sentencing court did not violate the Sixth Amendment right to jury trial by determining the fact and nature of a defendant's prior convictions and using these findings to impose an increased sentence under the Armed Career Criminal Act (ACCA). U.S.C.A. Const.Amend. 6; 18 U.S.C.A. § 924(e).

**[2] Sentencing and Punishment** ⇐0
350Hk0 k.
The Sentencing Guidelines and the case law have set a low bar for the kinds of evidence sentencing judges may rely on to decide factual issues at sentencing. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

**[3] Sentencing and Punishment** ⇐0
350Hk0 k.
Sentencing court could properly consider evidence, such as probation officer's testimony, in order to decipher meaning of notation of "CA:M2" in defendant's prior state court judgment of conviction, for purpose of determining whether prior conviction was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 845564                                                                          Page 2
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

predicate offense under Armed Career Criminal Act (ACCA), where defendant objected to characterization of the notation by the presentence investigation report (PSR) as "criminal attempt, second degree murder," and court did not explore underlying conduct that led to the prior conviction. 18 U.S.C.A. § 924(e).

**[4] Sentencing and Punishment ⚷0**
350Hk0 k.
Determination by sentencing court that defendant had prior state court conviction for "criminal attempt, second degree murder" was not clearly erroneous, for purpose of determining that prior conviction was predicate offense under Armed Career Criminal Act (ACCA), where state court judgment of conviction contained notation of "CA:M2," the judgment also stated that "CA:M1" was the charged offense, and underlying indictment revealed that defendant was charged with criminal attempt, first degree murder. 18 U.S.C.A. § 924(e).

**[5] Sentencing and Punishment ⚷0**
350Hk0 k.
The Court of Appeals reviews factual determinations in sentencing for clear error.

**[6] Sentencing and Punishment ⚷0**
350Hk0 k.
Remand for resentencing was warranted for defendant convicted of being a felon in possession of a firearm and sentenced under the mandatory Sentencing Guidelines, where court made a factual determination that resulted in an increased sentence under armed career criminal sentencing guideline, and there was no showing that defendant would not have received a lesser sentence under the advisory Guidelines. U.S.S.G. § 4B1.4(b)(1)(3)(A), 18 U.S.C.A.

Appeal from the United States District Court for the Western District of Tennessee at Memphis. No. 03-20299--Bernice B. Donald, District Judge.

ARGUED: Stephen B. Shankman, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, Tennessee, for Appellant. Lawrence J. Laurenzi, Assistant United States Attorney, Memphis, Tennessee, for Appellee. ON BRIEF: Stephen B. Shankman, Mary C. Jermann, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, Tennessee, for Appellant. Lawrence J. Laurenzi, Assistant United States Attorney, Memphis, Tennessee, for Appellee.

Before: ROGERS and SUTTON, Circuit Judges; ROSEN, District Judge. [FN*]

OPINION

ROSEN, District Judge.

I. INTRODUCTION
***1** Defendant/Appellant Carson Beasley was charged in a single-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He pled guilty to this offense, and was sentenced to 188 months of imprisonment as an armed career criminal with three prior violent felony convictions. *See* 18 U.S.C. § 924(e)(1); U.S. Sentencing Guidelines § 4B1.4. One of these three prior convictions, as identified in Defendant's presentence report, was derived

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 845564                                                                                                        Page 3
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

from a state court judgment that listed the offense of conviction as "CA:M2." The presentence report stated, and the district court agreed, that this judgment reflected a conviction for the state-law offense of criminal attempt, second degree murder.

Defendant now challenges his sentence on three grounds. First, he argues that the district court invaded the province of the jury, and thus violated the Sixth Amendment guarantee of trial by jury, by determining the facts necessary to trigger a sentencing enhancement for "armed career criminal" status. Defendant further contends that the means employed by the district court to construe his state-court "CA:M2" conviction impermissibly deviated from the so-called "categorical approach" mandated by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Finally, Defendant asserts that he is entitled to resentencing under the rule announced in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and under this circuit's post-*Booker* decisions. We reject Defendant's challenges to his classification as an armed career criminal, but agree that this case must be remanded for resentencing under the advisory regime that governs federal sentencing in the wake of *Booker.*

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant/Appellant Carson Beasley was charged in an August 19, 2003 indictment with a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). According to the presentence report, this offense arose out of a "buy/bust" operation in which Defendant and others allegedly agreed to sell drugs to undercover officers of the Memphis Police Department. Upon arriving at the agreed-upon location, a hotel room in Memphis, Defendant allegedly pulled a gun and sought to rob the undercover officers rather than complete the planned drug transaction. A "take-down" team of officers watching these events on video from an adjoining hotel room burst through the door and shot Defendant in the chest. When an investigation revealed that Defendant had prior felony convictions, he was charged with a federal felon-in-possession offense.

On April 2, 2004, Defendant entered a plea of guilty to the felon-in-possession charge. Following this plea, a presentence report ("PSR") was prepared recommending that Defendant be sentenced as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and § 4B1.4 of the U.S. Sentencing Guidelines. According to the PSR, Defendant's status as an armed career criminal was triggered by three prior violent felony convictions, all in Tennessee state courts: (i) a 1991 conviction for criminal attempt, aggravated robbery; (ii) a 1991 conviction for solicitation to commit a felony, aggravated assault; and (iii) a 1995 conviction for criminal attempt, second degree murder.

**\*2** At a sentencing hearing held on November 24, 2004, Defendant raised both legal and factual challenges to the PSR's characterization of him as an armed career criminal. First, in light of the Supreme Court's then-recent ruling in *Blakely v. Washington,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 845564                                                                                             Page 4
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Defendant argued that the district court could not permissibly engage in factfinding regarding his purported status as an armed career criminal without running afoul of the Sixth Amendment guarantee of trial by jury. Next, Defendant contended that the records of his Tennessee court convictions were unclear in certain material respects, and would not permit the determination that he had three prior violent felony convictions as necessary to sentence him as an armed career criminal. As his principal example of this ambiguity, Defendant cited a state-court judgment reflecting his conviction for "CA:M2," an offense construed in the PSR as criminal attempt, second degree murder.

In response to this factual challenge, the Government proposed two means by which the district court could reasonably determine that "CA:M2" meant criminal attempt, second degree murder. First, the Government produced the corresponding state court indictment, which reflected that Defendant had been charged with the offense of criminal attempt, first degree murder. The judgment of conviction, in turn, listed the charged offense as "CA:M1," and the offense of conviction as "CA:M2." [FN1] The Government argued that these two state court documents, viewed in tandem, would permit the reasonable inference that "CA:M2" was an abbreviation for the offense of criminal attempt, second degree murder.

The Government also offered the testimony of Patrick Hanley, the probation officer who had prepared Defendant's PSR. Hanley testified that he had conducted over 150 presentence investigations, entailing frequent review of Tennessee criminal court records. Based on this experience, Hanley opined that these state court records often include abbreviations, and that, in his view, "CA:M2" was an abbreviation for the Tennessee offense of criminal attempt, second degree murder. On cross-examination, Hanley acknowledged that he had not received any formal training in construing abbreviations in state court records, and that his knowledge on this subject was derived primarily from speaking to state court clerks and his fellow presentence investigators.

After hearing this evidence and the arguments of counsel, the district court found that the state court "CA:M2" judgment reflected a conviction for the Tennessee offense of criminal attempt, second degree murder:

 ... [T]he court finds based on the review of the judgment and indictment that without the benefit of any additional testimony the court can look at the indictment and see that the indictment charged criminal attempt felony, to-wit: First degree murder.

 The information reflected on the judgment for the [charged] offense shows C-A colon M-1, [and] there's no dispute but that the original charge was criminal attempt first degree murder.

 **\*3** And the attempt statute, the TCA 39-12-101 is included on the face of the ... indictment.

 In looking on that same judgment for the conviction offense, the legend C-A colon M-2 is included with the same reference [to the] attempt statute.

 It is reasonable to construe that since the

2006 WL 845564 Page 5
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

offense was abbreviated that these abbreviations, which mirror each other with the exception of the two, would indicate that the defendant pled guilty to the offense of criminal attempt murder two. The court finds that it can look at the face of the judgment as well as the information in the indictment to form a basis to determine the charge. And the court finds that this defendant did plead guilty to criminal attempt murder two, [and] that that is a predicate offense for the purposes of the career offender enhancement.

(11/24/2004 Sentencing Hearing Tr. at 96-97, J.A. at 57-58.)

Having determined that Defendant's "CA:M2" conviction qualified as a violent felony conviction and that Defendant had two other such prior convictions, the district court accepted the PSR's recommendation that Defendant be sentenced as an armed career criminal under § 4B1.4 of the U.S. Sentencing Guidelines. The court further concluded that the firearm involved in Defendant's felon-in-possession offense had been "used or possessed ... in connection with ... a crime of violence," U.S.S.G. § 4B1.4(b)(1)(3)(A), thereby increasing Defendant's offense level under the Sentencing Guidelines from 33 to 34. In applying this increase, the district court relied principally upon a videotape of the "buy/bust" operation that was introduced at sentencing, explaining that this video revealed Defendant's participation in a robbery attempt and his use of the subject firearm in furtherance of this crime. [FN2]

After granting Defendant a three-level reduction for acceptance of responsibility, the district court arrived at a total offense level of 31, a criminal history in category VI, and a resulting sentencing range of 188 to 235 months. The court sentenced Defendant to 188 months of imprisonment, observing that this fell at "the lowest end of the guideline range." (11/24/2004 Sentencing Hearing Tr. at 110, J.A. at 71.) Defendant now appeals, challenging various aspects of the district court's determination of his sentence.

### III. ANALYSIS

A. The District Court Did Not Err in Sentencing Defendant as an Armed Career Criminal.

In challenging his sentence, Defendant focuses principally, and not surprisingly, on the factor that most heavily influenced this sentence--namely, the district court's determination that he should be sentenced as an armed career criminal under 18 U.S.C. § 924(e) and § 4B1.4 of the U.S. Sentencing Guidelines. Defendant first argues, as a purely legal matter, that the district court violated his Sixth Amendment right to a trial by jury by making factual findings that triggered an enhanced sentence for armed career criminal status. Defendant next contends that the district court committed both factual and legal error by counting his state court "CA:M2" conviction toward the three prior violent felony convictions that warrant sentencing as an armed career criminal.

**\*4** [1] Defendant's first challenge is squarely defeated by controlling Supreme Court and Sixth Circuit precedent. In *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

including the recent decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court has uniformly excepted "the fact of a prior conviction" from its general rule that sentence-enhancing facts must be found by a jury and proved beyond a reasonable doubt. *See Booker,* 543 U.S. at 244, 125 S.Ct. at 756; *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362-63. Citing this distinction between prior convictions and other sentence-enhancing factors, we have held that a district court does not violate the Sixth Amendment by determining the fact and nature of a defendant's prior convictions and using these findings to impose an increased sentence under the Armed Career Criminal Act. *See United States v. Barnett,* 398 F.3d 516, 524-25 (6th Cir.2005). Accordingly, we reject Defendant's Sixth Amendment challenge to the procedure employed by the district court in deciding to sentence him as an armed career criminal.

Nonetheless, Defendant asserts that the district court's inquiry on this subject impermissibly deviated from the "categorical approach" prescribed by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In *Taylor,* the Court addressed the subsection of § 924(e) that lists "burglary" among the "violent felon[ies]" that trigger a sentencing enhancement. *See* 18 U.S.C. § 924(e)(2)(B)(ii). The Court observed that "[t]he word 'burglary' has not been given a single accepted meaning by the state courts," and that "the criminal codes of the States define burglary in many different ways." *Taylor,* 495 U.S. at 580, 110 S.Ct. at 2149. To avoid the concern that the same or similar conduct might qualify as a "burglary," and hence a "violent felony," in one state but not another, the Court concluded that " 'burglary' in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes." *Taylor,* 495 U.S. at 592, 110 S.Ct. at 2155.

After surveying several candidates and adopting a "generic" definition of "burglary," the Court turned to "a more general issue--whether the sentencing court in applying § 924(e) must look only to the statutory definitions of the prior offenses, or whether the court may consider other evidence concerning the defendant's prior crimes." 495 U.S. at 600, 110 S.Ct. at 2159. The Court endorsed a "categorical approach" to this inquiry, under which a sentencing court may consult only a limited record in determining whether a defendant's prior convictions trigger a statutory enhancement:

> We think the only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense. This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was

2006 WL 845564                                                                          Page 7
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

**\*5** 495 U.S. at 602, 110 S.Ct. at 2160 (footnote omitted).

Although *Taylor* considered a state-court conviction of a "burglary" offense following a trial by jury, the Supreme Court recently confirmed that *Taylor's* "categorical approach" applies as well to "other predicate ... offenses" under § 924(e), and also governs "the identification of generic convictions following pleas." *Shepard,* 125 S.Ct. at 1257-58 n. 2, 1259; *see also United States v. Martin,* 378 F.3d 578, 581 (6th Cir.2004) (cataloging the various circumstances under which this circuit has applied the "categorical approach" to classifying prior convictions). Turning next to the question of which portions of the state court record could be consulted in categorizing a conviction based upon a guilty plea, the Supreme Court reasoned that the "closest analogs" to the jury instructions permitted under *Taylor* would be "the statement of factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard,* 125 S.Ct. at 1259-60 (citation and footnote omitted). [FN3]

Upon reviewing these precedents, it becomes readily apparent that they are inapposite to the challenge advanced by Defendant here. In considering whether Defendant's "CA:M2" conviction counted as a predicate offense under § 924(e), the district court did not confront the dilemma addressed in *Taylor* and *Shepard*--namely, how to determine whether a "generic" state court conviction qualifies as one of the offenses enumerated in the Armed Career Criminal Act. Rather, the question here was more rudimentary--the district court was called upon to determine precisely *what* state court offense was reflected in the "CA:M2" notation on Defendant's judgment of conviction. *Taylor* 's categorical approach would apply, if at all, only *after* the district court made this threshold identification of the offense of conviction. *See United States v. Warwick,* No. 04-6265, 2005 WL 2293478, at \*3 n. 1 (6th Cir. Sept.20, 2005) (observing that *Shepard* does not govern the distinct, antecedent inquiry "whether the Government has furnished sufficient evidence to prove merely that a conviction exists").

[2] Viewed in its proper context, the district court's inquiry was akin to construing a judgment that, say, contained a misspelled word or was written in a foreign language. We know of no prohibition against consulting reliable sources--or, indeed, applying basic common sense--to resolve such questions about the proper interpretation of words or notations that appear on the face of a judgment. If, for example, a judgment purported to depict a conviction of second degree "mruder," we see no reason why a district judge could not consult a dictionary, note the absence of the word "mruder," and conclude that "murder" was the intended word. As we have recognized, "[t]he Sentencing Guidelines and this circuit's case law have set a low bar for the kinds of evidence sentencing judges may rely on to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 845564 Page 8
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

decide factual issues at sentencing ." *United States v. Wiant,* 314 F.3d 826, 832 (6th Cir.), *cert. denied,* 538 U.S. 970, 123 S.Ct. 1774, 155 L.Ed.2d 529 (2003); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

**\*6** [3] In this case, Defendant objected to the PSR's characterization of his "CA:M2" conviction as reflecting the underlying offense of criminal attempt, second degree murder. Having raised this objection, Defendant can hardly complain that the district court proceeded, in compliance with Fed.R.Crim.P. 32(i) and this circuit's precedents, *see, e.g., United States v. Darwich,* 337 F.3d 645, 666-67 (6th Cir.2003), to take evidence and rule upon this disputed issue. Nor has he suggested how the evidence admitted in the course of this inquiry might have lacked the "minimal indicia of reliability" necessary for its consideration at sentencing, *United States v. Mayle,* 334 F.3d 552, 559 (6th Cir.2003); *see also* U.S.S.G. § 6A1.3(a) (requiring only that "the information has sufficient indicia of reliability to support its probable accuracy"), or might otherwise have been inappropriate for use in deciphering the "CA:M2" notation on the state court judgment, *see United States v. Redding,* 16 F.3d 298, 302-03 (8th Cir.1994) (affirming the district court's reliance on a variety of extrinsic evidence to determine that a prior conviction under a different name was properly attributable to the defendant). In particular, we cannot accept Defendant's contention that it was improper for the district court to hear the testimony of the probation officer who prepared the PSR. This report, after all, effectively embodied the hearsay testimony of the probation officer. Surely, then, Defendant could only have been helped, and not hurt, by the opportunity to cross-examine the probation officer regarding the grounds for the conclusions he reached in the PSR.

[4] In any event, even accepting Defendant's assertion that the "categorical approach" governed the district court's effort to construe the "CA:M2" notation on the state court judgment of conviction, nothing in the district court's inquiry was in any way inconsistent with such an approach. The restrictions imposed in *Taylor* are intended to limit a sentencing court's focus to "the fact *of* conviction, rather than the facts *behind* the conviction." *United States v. Lewis,* 405 F.3d 511, 515 (7th Cir.2005); *see also United States v. Butler,* 207 F.3d 839, 843 (6th Cir.2000) (observing that the categorical approach prohibits any inquiry into "the defendant's actual criminal conduct" (internal quotation marks and citations omitted)). Here, the district court did not explore the underlying conduct that led to Defendant's "CA:M2" conviction, nor did any of the evidence at sentencing bring any such information to light. Rather, in making its determination, the district court expressly stated that it relied only on the state court judgment and underlying indictment, (*see* 11/24/2004 Sentencing Hearing Tr. at 96-97, J.A. at 57-58), materials that are explicitly within the scope of the "categorical approach" approved by the Supreme Court. See *Taylor,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 845564                                                                                           Page 9
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

495 U.S. at 602, 110 S.Ct. at 2160. [FN4] Thus, even assuming that the district court should not have admitted the probation officer's testimony--and, again, the basis for this exclusion is not apparent to us--we would readily conclude that this error was harmless. *See* United States v. Hazelwood, 398 F.3d 792, 801 (6th Cir.2005) (confirming that errors at sentencing are subject to harmless error review).

**\*7** [5] Finally, we note the absence of any contention, or even suggestion, that the district court might have gotten it wrong in determining that "CA:M2" translated to criminal attempt, second degree murder. We review such factual determinations for clear error, *see* United States v. Graves, 60 F.3d 1183, 1185 (6th Cir.1995), and the record before us does not permit the conclusion that the district judge committed any sort of error, clear or otherwise. As the district court explained at sentencing, the state court judgment of conviction included the notation "CA:M1" as the charged offense, and simple inspection of the underlying indictment revealed that Defendant had been charged with criminal attempt, first degree murder. As a matter of basic common sense, then, the district court reasonably construed the "CA:M2" notation on the judgment of conviction as referring to the offense of criminal attempt, second degree murder.

Defendant has not identified any flaws in this reasoning, much less suggested how it could be deemed clearly erroneous. Rather, Defendant merely hints at some lingering metaphysical doubt as to the translation of "CA:M2" proposed in the PSR and accepted by the district judge, without supplying any factual basis for this challenge or suggesting some other plausible meaning for this notation. Such a bare denial does not suffice to cast doubt upon the accuracy of the PSR on this point, or to preclude the district court's reliance on this aspect of the PSR in determining Defendant's sentence. *See* United States v. Lang, 333 F.3d 678, 681-82 (6th Cir.2003); *see also* United States v. Cooper, 375 F.3d 1041, 1053 (10th Cir.) (rejecting the contention that additional evidence is required to overcome a defendant's bare denial that he is the individual named in the prior judgments of conviction offered by the Government), *cert. denied,* 543 U.S. 1011, 125 S.Ct. 634, 160 L.Ed.2d 478 (2004). Surely, then, such a flat denial, without more, does not warrant the reversal of the district court's well-reasoned factual finding under the clearly erroneous standard. Accordingly, we find no basis to disturb the district court's decision to sentence Defendant as an armed career criminal. [FN5]

B. Defendant Is Entitled to Resentencing under *Booker* and the Subsequent Rulings of This Court.

[6] As his final issue on appeal, Defendant argues that he is entitled to a remand for resentencing in light of the ruling in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this circuit's post-*Booker* decisions. In response, the Government concedes that a remand is required, where (i) the district court made a factual determination at sentencing that Defendant used or possessed a firearm "in connection with ... a crime of violence," U.S.S.G. § 4B1.4(b)(1)(3)(A), resulting in an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 845564 Page 10
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

offense level increase from 33 to 34; (ii) the district court, in accordance with the settled law at the time, treated the federal sentencing guidelines as mandatory; and (iii) nothing in the record rebuts the presumption, as recognized in this circuit's precedents, that Defendant might have received a lesser sentence if the district court had regarded the guidelines as merely advisory. *See United States v. Barnett,* 398 F.3d 516, 527-29 (6th Cir.2005); *United States v. Oliver,* 397 F.3d 369, 378-81 (6th Cir.2005). Consequently, we vacate Defendant's sentence and remand for resentencing. [FN6]

### IV. CONCLUSION

**\*8** For the reasons set forth above, we AFFIRM the district court's decision to sentence Defendant/Appellant Carson Beasley as an armed career criminal, but VACATE Defendant's sentence and remand for resentencing in accordance with *Booker* and this court's post-*Booker* precedents.

> FN* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.
>
> FN1. These state court documents have not been reproduced in the record on appeal, but the parties apparently agree upon their contents.
>
> FN2. The district court declined, however, to apply a three-level "official victim" enhancement under § 3A1.2 of the Sentencing Guidelines, citing a lack of evidence that Defendant knew that the target of his attempted robbery was a police officer. This finding ultimately had no impact on Defendant's sentence, in light of the district court's determination that Defendant should be sentenced as an armed career criminal.
>
> FN3. Notably, the *Shepard* Court did not revisit the rulings in *Apprendi* and its progeny that permit judicial factfinding concerning a defendant's prior convictions. *See Shepard.* 125 S.Ct. at 1264 (Thomas, J., concurring in part) (urging the Court to "consider [the] continuing viability" of this aspect of *Apprendi* "in an appropriate case"); 125 S.Ct. at 1269-70 (O'Connor, J., dissenting) (reading the plurality and concurring opinions as portending such a development in a subsequent case). Thus, *Shepard* poses no difficulty to our earlier rejection of Defendant's Sixth Amendment challenge to his sentence enhancement under § 924(e). Unless and until the Supreme Court takes this next step, we are bound to follow its current statement of the law on this subject. *See United States v. Hill.* 440 F.3d 292, 2006 WL 469973, at \*5 n. 3 (6th Cir. Mar.1, 2006) (rejecting the contention that the plurality and concurring opinions in *Shepard* have undermined this circuit's ruling in *Barnett, supra* ).
>
> FN4. While the Government suggested at oral argument that the district judge also relied on her own

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 845564                                                                                  Page 11
--- F.3d ----, 2006 WL 845564 (6th Cir.(Tenn.)), 2006 Fed.App. 0116P
**(Cite as: 2006 WL 845564 (6th Cir.(Tenn.)))**

background and experience as a state court judge, we have been unable to identify any support for this contention in the record before us. Thus, we do not decide whether such reliance might be appropriate under the proper circumstances.

FN5. Before leaving this issue, we wish to emphasize that the Government can avoid an appellate challenge to an armed career criminal enhancement by incorporating this enhancement into a plea agreement or raising the issue during the plea colloquy. Unfortunately, the Government failed to do so in this case.

FN6. On remand, the district court is free to consider again the one-level "crime of violence" enhancement that was imposed at Defendant's initial sentencing, so long as the resulting sentencing range is treated as advisory rather than mandatory.

**Briefs and Other Related Documents**
(Back to top)

• 04-6468 (Docket) (Dec. 16, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.